# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **KENNETH CHASE,**<br>**Movant,** | **CRIMINAL NO.**<br>**1:08-CR-0133-TWT-GGB** |
| v. | **CIVIL ACTION NO.**<br>**1:11-CV-03561-TWT-GGB** |
| **UNITED STATES OF AMERICA,**<br>**Respondent.** | **MOTION TO VACATE**<br>**28 U.S.C. § 2255** |

## FINAL REPORT AND RECOMMENDATION

Kenneth Chase ("Chase or "Movant") has filed a motion to vacate sentence under 28 U.S.C. § 2255. [Doc. 101]. Movant challenges the constitutionality of his 188-month sentence that was imposed on February 25, 2009, following a jury verdict of guilty on November 14, 2008. [Docs. 68, 76, 77]. Presently before the Court for consideration are: (1) Movant's § 2255 motion to vacate [Doc. 101]; (2) the United States of America's (hereinafter "Government") response to Movant's motion to vacate [Doc. 121]; and (3) Movant's reply to the Government's response [Doc. 122].

## I. BACKGROUND

Chase was indicted on April 8, 2008 for attempting to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years into engaging in illegal sexual activity, in violation of 18 U.S.C. § 2422(b). [Doc. 17].

Chase's offense was based on his communication with a law enforcement agent who posed as the mother ("Sarah") of an 11-year old girl ("Katie") living in Atlanta. "Sarah" and "Katie" did not really exist. After several sexually explicit conversations between Chase and the undercover officer, Chase arrived at a planned meeting in this district with the intent of having a sexual encounter with the purported 11-year old girl. After a three-day trial, a jury found Chase guilty of the charged offense. [Docs. 65-68]. On February 25, 2009, the district court sentenced Chase to 188 months of imprisonment and supervised release for life. [Doc. 76].

Through counsel, Chase filed a direct appeal. On April 5, 2010, the Eleventh Circuit Court of Appeals issued a judgment affirming Chase's conviction and sentence. [Doc. 97]. The Court of Appeals rejected Chase's argument that § 2422(b) does not permit conviction when a minor is not present. [*Id.*]. The Supreme Court subsequently denied certiorari. [Doc. 98]. Chase's *pro se* motion to vacate, set aside or correct sentence under 28 U.S.C. 2255 and his memorandum of law in support of the motion

2

were docketed on October 11, 2011, and November 14, 2011, respectively. [Docs. 101 and 109]. According to the "mail box rule," Chase's § 2255 motion was timely filed. [Docs. 116, 117].

Additional facts are discussed in context below.

## II. DISCUSSION

Chase asserts the following grounds for relief in his § 2255 motion:

1. His counsel was ineffective for failing to move for dismissal based on a violation of the Speedy Trial Act;

2. His counsel was ineffective for failure to argue that the district court's ends-of-justice findings in support of continuances were insufficient under the Speedy Trial Act;

3. His counsel was ineffective on appeal for failing to argue that U.S.S.G. § 2G1.3 was not applicable to him; and

4. His counsel was ineffective for failure to object to the jury's inability to be impartial, based upon undue influence of a dismissed juror.

[Doc. 109 at 3-13].

3

### A. Standard for Ineffective Assistance of Counsel

The Supreme Court precedent applicable to ineffective assistance of counsel claims was set forth in *Strickland v. Washington*, 466 U.S. 668, 698 (1984). To make a successful claim of ineffective assistance of counsel, a petitioner must show that: (1) his counsel's performance was deficient; and (2) that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 697. A petitioner must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. The court must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To make such a showing, a petitioner must demonstrate that "no competent counsel would have taken the action that his counsel did take." *United States v. Freixas*, 332 F.3d 1314, 1319-20 (11th Cir. 2003) (quotation omitted).

In order to meet the second prong of the test, the petitioner must demonstrate that counsel's unreasonable acts or omissions prejudiced him. That is, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

4

B. Alleged Ineffectiveness for Failure to Move for Dismissal under the Speedy Trial Act

Chase argues that his counsel was ineffective for failing to move for dismissal based on the district court's alleged violation of the Speedy Trial Act.

Subject to numerous excludable time periods, a federal criminal trial must begin within seventy days from the date of the indictment or arraignment, whichever is later. *See* 18 U.S.C. § 3161(c)(1). Chase claims that seventy-five countable days passed before his trial began, and his counsel was ineffective for failing to move for dismissal of the indictment on that ground.

Chase correctly states that the district court would have been required to dismiss the indictment if more than seventy non-excludable days had elapsed between the indictment and trial. *See* 18 U.S.C. § 3162(a)(2). However, in calculating the number of non-excludable days between indictment and trial, Chase does not take into account that he filed an interlocutory appeal to the Eleventh Circuit in which he sought reversal of the district court's order of pre-trial detention. [Doc. 15].

Chase counts the days between April 9, 2008 and April 30, 2008 as "good" or non-excludable Speedy Trial Act days. [Doc. 109 at 15]. However, the Government has shown that Chase's interlocutory appeal was pending between April 8, 2008 and April 30, 2008. [Docs. 15, 121-1]. The filing of an interlocutory appeal of a district

5

court's detention order stops the Speedy Trial Act clock. *See* 18 U.S.C. 3161(h)(1)(C) (excluding "delay resulting from any interlocutory appeal"); *United States v. Davenport*, 935 F. 2d 1223, 1230 (11th Cir. 1991) (holding that "appellant's appeal of his detention status was an interlocutory appeal, which tolls appellant's speedy trial clock.").

The excludable period due to Chase's interlocutory appeal is greater than the five days of unauthorized delay that he alleges. Therefore, no Speedy Trial Act violation occurred, and counsel was not ineffective for failing to allege such a violation.

Even if there was in fact a Speedy Trial Act violation, Chase's ineffective assistance claim fails because he cannot show prejudice. In deciding whether to dismiss an indictment with or without prejudice where there has been a Speedy Trial Act violation, district courts are to consider, among others, the following factors: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2).

It is highly unlikely that the district court would have granted a dismissal with prejudice given the serious nature of the charged offense, the lack of intentional

6

dilatory conduct on the part of the Government, and the fact that the delay did not prejudice Chase. After a dismissal without prejudice, the Government surely would have re-indicted Chase on the same charge and the outcome would have been the same. Thus, Chase was not prejudiced by counsel's failure to move for dismissal under the Speedy Trial Act. *See Chambliss v. United States*, 384 F. App'x 897, 898-99 (11th Cir. 2010) (finding that § 2255 petitioner did not suffer prejudice when his counsel did not move to dismiss for Speedy Trial Act violation because dismissal would have been without prejudice and government would have re-indicted the case); *see also United States v. Rushin*, 642 F.3d 1299, 1310 n. 12 (10th Cir. 2011) (citing three circuits in addition to the Eleventh Circuit that have held that where an indictment would have been dismissed without prejudice, a defendant could not show prejudice based on trial counsel's failure to seek dismissal under the Speedy Trial Act); *United States v. De La Cruz*, No. CRIM.2001-10118-JLT, 2012 WL 769761, at *8 (D. Mass. Feb. 21, 2012) (same).

    C.    <u>Alleged Ineffectiveness for Failure to Object to District Court's Ends-of-Justice Continuances</u>

Chase also claims that his counsel was ineffective for not objecting to the lack of specific findings in the district court's orders excluding time under the Speedy Trial Act.

7

Under the Speedy Trial Act, the district court may exclude "any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

Here, the district court originally placed the case on the trial calendar for July 14, 2008, which would have been within the seventy day limit[1] required by the Speedy Trial Act. [Doc. 33]. However, on June 4, 2008, the AUSA requested a leave of absence for the period from June 30 through July 16, 2008. [Doc. 34]. The district court granted the AUSA's request on June 10, 2008, and continued the case to the August 18, 2008 trial calendar. The court's order stated: "The court finds the granting this request is in the interest of justice and all time accruing is excluded according to the provisions of 18 USC § 3161(h)(8)(B)(iv)." [Doc. 36].

Sometime prior to August 18, 2008, the parties verbally requested additional time to prepare for trial. The court issued an order on August 8, 2008 granting the

---

[1]The case returned from the Court of Appeals on April 30, 2008 and the pre-trial conference was held on May 1, 2008. Thus, the countable days began on May 2, 2008.

8

parties' request for additional time to prepare for trial. The court then continued the trial to October 6, 2008. The court found that the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial as allowed in 18 USC § 3161(h)(8)(B)(iv)." [Doc. 46].

On September 19, 2008, the Government filed a motion to present evidence of uncharged conduct. [Doc. 48]. A hearing on this motion was held on October 1, 2008. [Doc. 50]. At that hearing, Chase's counsel requested a continuance of the trial in order to respond to the Government's motion by having an expert examine the proposed evidence of uncharged conduct. [*Id.*]. The court granted the motion to continue the trial and placed it on the court's next trial calendar (no sooner than 11/12/08) in order to accommodate the schedule of a Government witness. [*Id.*]. The court held a hearing on October 21, 2008, at which time it granted the Government's motion to present evidence of uncharged conduct. [Doc. 56]. The trial began on November 12, 2008. [Doc. 65].

In order to exclude time pursuant to 18 U.S.C. § 3161(h)(7)(A), the Speedy Trial Act requires that "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy

9

trial." *Id.* Chase argues that the district court's orders continuing the case were deficient because they did not specify the reasons for the continuances. However, it is clear from the record that the district court had valid reasons for finding that the continuances were in the interests of justice. The Speedy Trial Act allows "ends-of-justice" continuances to allow for continuity of counsel or to allow counsel the reasonable time necessary fo effective preparation. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Here, the record reflects that all of the continuances of the trial were because counsel would not have been available for the scheduled trial date (no continuity of counsel), Chase's counsel had reasonably requested more time to prepare, or a Government witness was not available at an earlier date.

Assuming *arguendo* that the district court's orders were insufficient for failing to specify its reasons for the continuances, Chase cannot show prejudice as a result of counsel's failure to object. If Chase's attorney had objected to an order, the court could simply have reworded the order to state what was obvious: that the continuances were in the interest of justice to ensure continuity of counsel, a reasonable period for preparation, or the availability of a witness. *See Zedner v. United States*, 547 U.S. 489, 507 (2006) (The Speedy Trial Act implies that the court's reasons for ends-of-justice continuances may be put on the record anytime before the court rules on a defendant's

AO 72A
(Rev.8/82)

motion to dismiss for a violation of the Speedy Trial Act.). Also, it would be illogical to find counsel ineffective for failing to object to an order that counsel herself had requested to allow for more time for her to prepare.

Finally, as discussed above, even if the case had been dismissed upon counsel's objections to the ends-of-justice orders, the dismissal would surely have been without prejudice, and the case would have been re-indicted.

D.     Alleged Ineffectiveness on Appeal

Chase's Pre-Sentence Report ("PSR") used the 2008 edition of the Guidelines Manual. The offense level computation started with U.S.S.G. § 2G1.3(a)(3) which applies to violations of 18 U.S.C. § 2422(b), the offense for which Chase was convicted. Under that guideline, the base offense level was 28. Two points were added pursuant to § 2G1.3(b)(3) because the offense involved the use of a computer. Eight points were added pursuant to § 2G1.3(b)(5) because the offense involved a minor who had not attained the age of 12 years.[2]

Chase argues that his counsel was ineffective for failing to argue on appeal that U.S.S.G. § 2G1.3(b)(5) was not applicable to him by virtue of Amendment 732 to the

---

[2] The definition of "minor" includes an undercover law enforcement officer representing himself or herself as a minor. § 2G1.3 Commentary, Application Note 1(C).

11

Sentencing Guidelines. This claim is without merit because Amendment 732 does not apply to Chase's sentence.

Amendment 732 addressed the two-level enhancement under Section 2G1.3(b)(2)(B), which applies when a defendant "otherwise unduly influenced a minor to engage in prohibited sexual conduct," by altering the relevant commentary to make clear that the enhancement did not apply when the "minor" was an undercover law enforcement officer. Notices, United States Sentencing Commission, Sentencing Guidelines for United States Courts, 2009 WL 1248728, at 14; *United States v. Jerchower*, 631 F.3d 1181, 1185-86 (11th Cir. 2011) (Amendment 732 related to "undue influence enhancement" of § 2G1.3, and was a clarifying amendment that applied retroactively). Chase did not receive that two-level "undue influence" enhancement. Amendment 732 did not change the fact that the definition of a "minor" includes a fictitious person represented to be a minor by a law enforcement officer. U.S.S.G. § 2G1.3 app. n.1; *see also United States v. Bowden*, 420 F. App'x 907, 912 (11th Cir. 2011) (affirming application of eight-level enhancement pursuant to § 2G1.3(b)(5) where defendant was convicted of violating 18 U.S.C. § 2422(b) and offense involved a fictitious seven-year old girl).

AO 72A
(Rev.8/82)

Because Amendment 732 did not apply to Chase's case, his counsel was not ineffective for failing to raise it on appeal.

### E. Alleged Ineffectiveness Regarding Jury Impartiality

Chase argues that his counsel "was ineffective when she failed to preserve for appeal by objection or move for a mistrial when the emotional breakdown of a juror inflamed the remaining jurors and diverted it from deciding the case on relevant evidence concerning the crime and the defendant." [Doc. 109 at 12]. This argument relates to the following facts:

After about two and a half hours of testimony from the Government's case agent on the first day of the trial, the court security officer (CSO) told the district judge that a juror told the CSO that the juror could not take it anymore and wanted to come off of the jury. The court invited suggestions from counsel, and Chase's counsel moved to excuse the juror. The court called the juror into the courtroom and excused him from the case without questioning him. After the juror left the courtroom, Chase's counsel asked the court to ask the remaining jurors whether they had any knowledge of why that juror left. The court declined to question the other jurors and continued with the case. The court had previously instructed the jurors, and continued to instruct them at every break, not to discuss the case among themselves. [Doc. 86 at 157-59].

13

There is no evidence that the juror in question said anything to, much less "inflamed" the other jurors. In any event, counsel did preserve the issue by requesting the court to question the other jurors. As stated above, her request was denied.

While counsel did not move for a mistrial, there is no reason to believe that counsel's decision about how to proceed was anything other than a reasonable strategy. Counsel may have reasonably believed that the alternate juror was a satisfactory, or even beneficial, substitute for the dismissed juror and nothing was to be gained by starting over with a new jury. Moreover, even if counsel had moved for a mistrial, the court would have acted within its discretion in declining such a motion given the lack of any indication that other jurors were influenced. *See United States v. Caldwell*, 776 F.2d 989, 997-98 (11th Cir. 1985) (decision about whether and how to investigate potential juror misconduct falls within the discretion of the district court).

## III. **CERTIFICATE OF APPEALABILITY**

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. §2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this

standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Movant has failed to make a substantial showing of the denial of a constitutional right. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

## IV. CONCLUSION

Based on the foregoing, **I RECOMMEND** that Movant's motion to vacate sentence [Doc. 101] be **DENIED.**

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 4th day of February, 2013.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

15